Good morning, Your Honors. Ezra Spilkey for Quadri Salahuddin. Mr. Salahuddin is a first-time offender who was found guilty after trial for approximately three months' worth of conduct in an otherwise exemplary law-abiding life. He's entitled to release because his appeal will present numerous compelling and sometimes novel issues that may, that are likely to result in either reversal or a new trial. And I'd like to start with count three. Count three is the aggravated identity theft count. Count three, rather, aggravated identity theft has received a lot of attention in the last few years, especially after Dubin, a Supreme Court case that dealt with the element of during and in relation to. And in Dubin, the central holding was that a use, the theft of an identity is not aggravated identity theft under the law unless it was at the crux of the crime, the under, the predicate crime, the predicate crime in this case being wire fraud. And is this, and I'm sorry if I'm getting this confused, was this claim preserved at trial? This claim was raised at the charge conference. The crux language was raised at the charge conference. I raised it in a Rule 29. Mr. Salahuddin represented himself pro se. And after trial, I filed a Rule 29 that did raise this issue. It was denied not on, not on the grounds that it was, had been waived, that this issue had been waived. So I believe it is preserved. The, but we, it's, we have two issues under the 1028A, the aggravated identity theft law, both compelled by Dubin. One that comes from, that comes from the central holding, which is whether this, whether the use of the identity was at the crux. And the other is the fact that identity theft requires that the identity, the means of identification, was of another person. And in this case, and that, the connotation there, as Dubin says quite clearly, the connotation there is that it's, there's a victim, there's victimhood, there's theft. And in this case, the means of identification was willingly given over by participants in the fraud. Now the district court and the government characterized these participants as victims because they were told that they were entitled to the, this grant money. And if you want me to take a step back and explain what the grant system was, I can do that very briefly. Basically during COVID. Well, let me, let me pause you for a second. So there's a lot of interesting stuff going on with aggravated identity theft, the law and that statute. That's a two-year mandatory consecutive, right? So absence of the count three conviction, let's assume it's thrown out. We have 92 months concurrent on the other two counts, right? Right. So, so I'm interested in the count three, but in terms of what we're here for today is not the substantive appeal, it's the bail motion. So we have to be thinking about, is there a realistic chance that something's going to be vacated that's going to affect the sentence? So I don't see a challenge to count one in your bail motion. Am I missing it? That's correct. At this point, at this point in, in, you know, where we are in the proceedings, we're not, we haven't, we're not resting our bail argument on a challenge to count one, but I will note that 3143, the Bail Reform Act, 3143B1 states that the decision is likely to result in a lower sentence that would, you know, not last as long as the, as the appeal, but that's an alternative to reversal and a new trial. And in our grant, we're relying on those, those, one of those two prongs, that this, this case would result in a reversal or a new trial. On all three counts? Well, not, for the purposes of this bail motion, correct. We are not, we are not relying on a challenge to count one. So what's his projected release date at this point? Well, 92, I haven't done the math on that, but I think it's about, I mean, with good time. I don't know if anybody else has it from the BOP website, but I guess my question is, right, again, even if count two and count three were thrown out, how, in terms of the standards that we apply, the purpose of bail pending appeal is to ensure that someone doesn't spend time in jail that they wouldn't otherwise spend if their sentence or their conviction is ultimately vacated or ultimately reduced to a point that they will exceed pending the resolution of the merits, right? And that's what I'm trying to get to is, is, are you arguing that that's not necessary, that we shouldn't take that into account, that question of whether it's realistic that he'll spend unnecessary time or that the effect of the vacation of two and three would, would affect the sentence so dramatically that, in fact, he would end up doing dead time if we don't release him on bail. I guess I'm trying to figure out which of those Yeah. Are both you're taking. Yeah. So as a practical matter, I do understand that, you know, why release somebody who's probably going to do time otherwise. But the Bail Reform Act does say that that's an alternative, that's an alternative ground for, rather, the time, the lessened time is an alternative ground to the new trial and reversal grounds. And I think as a practical matter, if those two are reversed and the government has to decide whether they're going to proceed to sentencing, dismiss those two counts, proceed to re-sentencing on count one or go back to trial, I think would affect, could very well affect the sentence. I mean, there were a lot of, it was a fulsome sentencing hearing. We did, we did present a lot of arguments. But I do think that a lot of what the district court sentenced Mr. Salihuddin on was the victimhood. And if that, if there's a clear statement from this court or from the Supreme Court that says these aren't victims, these are participants, these are people who got six to $7,000 each and never had to pay it back. The government never went after them. These aren't victims. These are participants. And their, their, their statements about their entitlement, the quote-unquote victims' entitlement to these relief funds strains credulity. If there's a clear statement from this court, I think that, that we might be in a different situation. I mean, this is a first-time offender. He has incredible ties to the community. This is three months out of his life. And, you know, I, we do think that another look at that when you say, look, these aren't victims, they're clearly not victims. There was, there was a crime against the United States, not against individuals. We might be sitting in a different spot. So I guess what I'm, I guess I'm saying both. I guess I'm saying, you know, we're, we're, we're, we're saying that we're entitled, Mr. Salihuddin is entitled to bail under both arguments that, that Your Honor more eloquently than I set forth. So count three is now the, the, the Supreme Court in Dubin relied on and quoted at length a Seventh Circuit case called Spears, which is sort of at odds, the Seventh Circuit's definition of another person is sort of at odds with the Second Circuit, says that there has to be some sort of theft. There has to be a victim. Whereas in the Second Circuit, all that needs to be shown for an unlawful use is that the, you could have permission, you could get permission from the person who gives over the means of identification. But if it's used for an illegal purpose in the Second Circuit, then all of a sudden it's converted to aggravated identity theft. And Dubin, perhaps in dicta, but Dubin clearly says sides with the Spears, the Seventh Circuit Spears line that says that there must be some misappropriation, which there really wasn't here. And that, I, I want to just sort of distill what the case is about. You know, the, the case really had these participant victims who were getting on the stand and saying, all right, well, I was lied to, but this was, this program could not have been more publicized. It was, the president was talking about it. There were press releases. I mean, they, their, their excuses for being entitled to the money was completely incoherent. So I think with that, count three totally goes away. I think count two, so that's sort of a novel argument. And I think that, you know, the case is, I think Rivera, but I could be wrong, from this circuit, does point out that if there's a novel question, then, you know, that is something for the Court to take into consideration on whether reversal or a new trial is likely. Now, count two. I'll give you just a minute to wrap up. Okay. Yes, Your Honor. Just really quickly, count two is more, is less novel. I think it's, it's pretty clear that each use of the wires is its own crime and they can't be joined together The, the, the government ignores that in their rule 29 opposition. The court, the district court below ignored that as well. So I think on counts two and count three, at least, we have a pretty clear, at least an arguable questions that this court must decide. And I believe Mr. is entitled to release. Thank you. All right. Thank you. May it please the Court. My name is Courtney Heavey. I represent the government on this appeal and I represented the government in the district court. I want to pick up where Your Honor's were questioning with respect to what is a threshold issue here, which is the fact that, excuse me, the fact that appellant does not challenge count one is actually determinative to the standard applicable here. So under the statute 3143B, the court looks at the appeal raises a substantial question of law or fact likely to result in reversal. And when, with respect to reversal, if you look at this court's precedent in Randall, the holding is that it's likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed. And that's at the government's brief, page 21. So the fact that count one, again, the sentence of imprisonment there was 92 months of imprisonment. The defendant has been in jail for approximately a little over a year. So there's no argument being made that the defendant is going to serve more than 92 months of imprisonment in connection with the appeal. And I think that's important because I'd also, going back to the statute 3143, appellant cites, well, a lesser sentence of imprisonment is one of the factors. But the statute expressly says that a reduced sentence to a term of imprisonment less than the total of the time already served, plus the expected duration of the appeal process. So it's not enough that simply he might get a lower sentence of imprisonment if the court were to toss count three or even count two. The fact is that there's an unchallenged count one for which he is serving a valid 92 months imprisonment. And I'll also flag that count one was also not challenged on the Rule 29. And so for that reason alone, this court can find that the appellant's motion should be denied. On top of that, just to briefly, another threshold consideration is the fact that this was not raised at the district court. And under Rule 9, the appropriate place to first bring this type of motion is at the district court. As the government mentioned in its brief, this court does have the authority to set aside some of its rules. But that in Hochevar was in a case where the appellant had already fully briefed the motion. The court was already very familiar. And the reasons for that, I think, are quite applicable here, particularly when you hear, as you just heard, that some of the arguments with respect to count three actually go to some of the things that this court would give deference to the district court, such as appellant challenges the credibility of the witnesses, specifically the witnesses who were applicants, who testified that they gave their information to the defendant and his co-conspirators on the understanding that it was going to be used to determine whether they were eligible for a program that they were led to believe that they were eligible for. So to the extent that the challenge here is going to rest on arguments about the credibility of witnesses, that is precisely the type of situation where this court should first have the district court weigh in on these motions. And unless there are any further questions, the government would rest on its brief. All right. Thank you. We have your argument. Thank you to both of you. We will take the case under advisement.